STATE v. WILLIAM MITCHELL.

(Filed 6 June, 1930.)

.Criminal Law L e—Error, if any, in excluding testimony intended to impeach State's character witnesses held not reversible error.

In this case *held:* defendant's exception to the exclusion of testimony sought to be elicited on cross-examination from certain of the State's witnesses who had testified to the good character of another State witness and to the character of the deceased, offered as tending to impeach such character witnesses, if it be conceded that the testimony was competent for this restricted purpose, its exclusion cannot be held for reversible error.

APPEAL by the defendant from *Stack, J.,* at March Term, 1930, of BURKE. No error.

This is a criminal action in which the defendant was tried on an indictment for murder, and convicted of manslaughter.

From judgment on the verdict, that defendant be confined in the State's prison at hard labor for a term of not less than twelve nor more than eighteen years, defendant appealed to the Supreme Court.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Avery & Patton, S. J. Ervin and S. J. Ervin, Jr., for defendant.*

PER CURIAM. There was no error on the trial of this action for which the defendant is entitled to a new trial.

The only assignments of error on his appeal to this Court are based on his exceptions to the exclusion of testimony sought to be elicited on the cross-examination of witnesses for the State who had testified that the general character of another witness for the State was good, and that the deceased did not have a general reputation as a dangerous man. This testimony was offered as evidence tending to impeach these witnesses, and not as evidence upon the issue to be determined by the jury. If it be conceded that the testimony was admissible for the restricted purpose for which it was offered, we cannot hold that its exclusion was reversible error.

The conflicting evidence tending to sustain the verdict, and also in support of defendant's plea of self-defense, was submitted to the jury under a charge to which there were no exceptions. The judgment must be affirmed. We find

No error.